

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 25, 1977

Honorable Henry Wade
District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. H-1077

Re: Payment by Dallas County
of bond premiums for reserve
deputy sheriffs and reserve
deputy constables.

Dear Mr. Wade:

You ask:

> Can Dallas County legally pay . . . pre-
> miums on the bonds required by Article
> 6869.1, V.C.S., of reserve deputy sheriffs
> and reserve deputy constables?

Article 6869.1 provides that reserve deputies are to "serve without pay", although the commissioners court is permitted to "provide compensation for the purchase of uniforms and/or equipment used by such individuals." Sec. 1(d). The statute also provides that

> (e) Such reserve deputy sheriffs . . . ,
> prior to their entry upon duty and sim-
> ultaneously with their appointments, shall
> file an oath and bond in the amount of
> Two Thousand Dollars ($2,000), payable to
> the sheriff . . . and filed with the county
> clerk of the county in which said appoint-
> ment is made.

Authorization for the county to provide bond premiums is not granted by article 6869.1. However, article 3899 provides in part:

> . . . .

> (b) Each officer named in this Act,
> where he receives a salary as compensa-
> tion for his services, shall be entitled
> and permitted to purchase or charge to
> his county all reasonable expenses ne-
> cessary in the proper and legal conduct

> of his office, premiums on officials'
> bonds, premiums on fire, burglary, theft,
> robbery insurance protecting public funds,
> <u>and including the cost of surety bonds</u>
> <u>for his deputies</u> . . . .

(Emphasis added).  Both sheriffs and constables are officers
named in the Act.  Attorney General Opinion O-439 (1939).  In
Attorney General Opinion M-1021 (1971) this office concluded
that the commissioners court of a county has authority under
article 3899, V.T.C.S., to determine if the purchase or lease
of two-way radio equipment for reserve deputy sheriffs is a
**reasonable** and necessary expense of the sheriff's office, and
if it determines that it is, to pay for such equipment.  <u>Cf.</u>
Attorney General Opinion H-958 (1977) (county prohibited from
paying reserve deputy sheriff's insurance premiums as compen-
sation).

Article 3899 leaves no doubt that premiums for the official
bonds of sheriff's and constable's deputies are expenses of the
sheriff's office and of the constable's office.  The statute
makes no distinction between the bonds of regular deputies and
those of reserve deputies.

Accordingly, we believe that a county may legally pay
reasonable premiums on the bonds required of reserve deputy
sheriffs and of reserve deputy constables by article 6869.1,
V.T.C.S.

### S U M M A R Y

A county may legally pay reasonable pre-
miums on the bonds required by article
6869.1, V.T.C.S., of reserve deputy
sheriffs and of reserve deputy constables.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst